## CIRCUIT COURT OF HENRICO COUNTY

Zappia, Adm'r.

v.

Richard S. Moore

November 21, 1983

Cases No. 82-L124, 82L-125, 82L-126, 82L-127

By JUDGE L. PAUL BYRNE

This case is before the Court on the dispute between the law firms of Coates & Comess (hereinafter referred to as Coates) and Christian, Barton, Epps, Brent and Chappell (hereinafter referred to as Christian, Barton) as to the entitlement of the sum of $150,000.00, the fee arising out of the settlement of the death by wrongful act claims in the above cases.

Since there is little or no dispute as to the material facts in this case, the Court does not find it necessary to review them in detail.

The accident resulting in the four death claims occurred on March 14, 1982, and on March 18, 1982, the beneficiaries of the decedents (hereinafter referred to as the Zappias), by written contracts employed the firm of Coates and Comess to represent them, which contracts provided for a contingent fee of 33-1/3% of any amounts recovered by way of suit or settlement and for the payment of all necessary costs and expenses. Coates immediately undertook the representation and filed suits in all four cases on April 1, 1982, and pursued the matters, including investigation, settlement negotiations and preparation for trial until March 1, 1983. Prior to the latter date, Coates had received an offer of settlement on or about

December 28, 1982, in the amount of $300,000.00, which was rejected by the Zappias.

Sometime during January, 1983, the Zappias became dissatisfied with the representation of Coates and on February 3, 1983, consulted Andrew J. Brent, of the law firm of Christian, Barton as to how the employment of Coates could be terminated. The Zappias, by letter dated February 28, 1983, and received by Coates on March 1, 1983, advised Coates of the termination of his employment and of the employment of Christian, Barton to represent their interests. Also, on February 28, 1983, Mr. Catlett of Coates's office, called the Zappias by long distance telephone to California and obtained their birthdates for the possibility of a structured settlement offer. Coates, by letter dated March 3, 1983, addressed to the Zappias, adknowledged receipt of their letter of February 28, 1983, and of their right to change counsel. Christian, Barton called Coates on March 3 or March 4, 1983, to arrange to pick up the files and met with Coates on March 9, 1983, and tendered the sketch of an Order of substitution of counsel, which Coates refused to sign.

On March 10, 1983, G. Kenneth Miller, counsel for the insurance carrier of the defendant, Richard S. Moore, submitted an offer to pay $450,000.00 in settlement of all four death claims to Coates, which Coates promptly transmitted to the Zappias and Christian, Barton by letter dated March 11, 1983, and supplemented by letters to Christian, Barton dated March 14 and March 21, 1983.

At a hearing before this Court on motion of Christian, Barton on March 18, 1983, the Court entered an Order relieving Coates as counsel and substituting Christian, Barton in all cases. Christian, Barton met with the Zappias on March 21, 1983, reviewed the settlement offer and advised Mr. Miller that it was accepted. The parties and counsel, including counsel for Coates, were convened on May 16, 1983, and at the conclusion of the hearing, the Court entered an Order approving the settlement and the disposition of the proceeds. It was stipulated by all parties and counsel at that hearing that the sum of $150,000.00 was *reasonable* in payment of attorney's fees and expenses and that sum was deposited to the credit of the Court in an interest bearing account until the dispute as to

its entitlement between Coates and Christian, Barton could be heard and decided.

The Court heard the testimony of Coates and Christian, Barton on May 21, 1983, and of the Zappias on June 27, 1983. At the hearing on May 31, 1983, Coates testified that his firm had expended in excess of 1300 hours in the investigation, research, preparation and negotiation of the death claims from March 18, 1982, to and including March 1, 1983, when his employment was terminated and had unreimbursed costs and expenses in the amount of $3,413.54. Mr. Mathews of Christian, Barton testified that his firm had expended services which, if billed at the firm's usual hourly rates, would be valued at $12,108.00. The Court took the matter under advisement at the conclusion of the hearing on June 27, 1983, pending the receipt of the transcripts of the hearings and permitted the attorneys to file supplemental memoranda by July 8, 1983.

The Court has now had an opportunity to review the transcripts and counsel's memoranda and is of the opinion that the case of *Heinzman* v. *Fine, etc.,* 217 Va. 958 (1977), is dispositive of the issue in the instant case. While the facts in that case are not exactly similar to this case, the issue decided is the same as that raised herein:

Is an attorney employed under a contingent fee contract and discharged without just cause entitled to recover from the proceeds of a later settlement the full amount of the contractual fee?

There can be little doubt that Coates competently represented the Zappias and rendered valuable services in the presentation and prosecution of the death claims up until his clients decided to terminate his employment and that the *later* settlement offer was primarily the result of such efforts. Nor, can there be any doubt that Christian, Barton rendered valuable services to the Zappias in the final stages of consideration and acceptance of the offer of settlement.

It is clear, and Coates concedes, that a client has an absolute right to discharge his attorney and the law imposes no condition upon such right. He argues, however, as Legum did in *Heinzman* v. *Fine,*

*supra*, that a contract for legal services should be governed by the same rules concerning breach and the measure of damages as any other contract and that the *later* settlement offer was the direct result of his negotiations and representation of the Zappias and when he was discharged without sufficient cause, such an act constituted a breach of contract and the measure of damages should be the fee fixed in the contract. In the alternative, he argues that if the law of contracts is not applicable, then he is entitled to recover on a *quantum meruit* and the Court should fix the value of his services at $150,000.00 and Christian, Barton should recover nothing. The Supreme Court in *Heinzman*, *supra*, rejected the first argument and this Court, having found that both Coates and Christian, Barton rendered valuable services to the Zappias, rejects the latter.

As stated previously, the Court is of the opinion that the Supreme Court's decision in *Heinzman* is dispositive of the issues in this case and the facts are not so dissimilar as to warrant holding otherwise. After a fair and impartial consideration of all the evidence in this case, the Court holds that Coates and Christian, Barton are each entitled to a fee based upon *quantum meruit* -- Coates for services rendered prior to discharge and Christian, Barton for services rendered which resulted in the acceptance of the subsequent offer of settlement.

Accordingly, it is the judgment of this Court that Coates should be reimbursed first for the outstanding costs and expenses in the amount of $3,413.54 and the remaining balance of $146,586.46 should be paid as follows: the sum of $140,086.46 to Coates as a fee and the sum of $6,500.00 to Christian, Barton as a fee in payment of the reasonable value of the services rendered by each of them to the Zappias.